UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

GARO ALEXANIAN                                    CIVIL ACTION NO. 07-0806
**Individually and in his capacity as**
**Executive Director of the Companion**
**Animal Network**

VS.                                               JUDGE DOHERTY

JASON BROWN                                       MAGISTRATE JUDGE METHVIN
**Individually and in his capacity as a**
**reporter of the Daily Advertiser**
**DAILY ADVERTISER**
**CRAIG A. DUBOW**
**Individually and in his capacity as President &**
**CEO of Gannett Co. Inc.**
**EDWARD POWER**
**aka Ted Power**

## JURISDICTIONAL REVIEW RULING

This diversity case was filed directly in federal court, alleging that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332.  On November 6, 2007, the undersigned issued an order requiring plaintiff to file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists.[1]  Before the court is plaintiff's memorandum regarding jurisdictional amount.[2]  Defendants responded to plaintiff's memorandum and plaintiff replied.[3]

Having reviewed plaintiff's memoranda, I conclude that plaintiff has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 by setting forth

---

[1] Rec. Doc. 34.

[2] Rec. Doc. 35.

[3] Rec. Doc. 38 and 40.

2

the specific facts in controversy that support a finding of the jurisdictional amount.  Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999);  Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Plaintiff alleges as follows:

- plaintiff is the executive director of the Companion Animal Network, which assists in reforming the animal control services of cities;

- plaintiff has over 20 years of experience in reforming animal control services;

- immediately after Hurricane Katrina, plaintiff traveled from his home in New York to New Orleans to work with national not-for-profit organizations;

- subsequently, plaintiff obtained approximately "$1,000,000.00 worth in grants for Louisiana parishes" for animal services;

- on September 1 and 2, 2006, defendant the Daily Advertiser ran a front page article written by defendant Jason Brown.  The article stated, among other things, that plaintiff's organization made unfounded accusations against Lafayette Parish Animal Control concerning its animal control system and methods of euthanizing animals;

- the article included false information which mis-characterized plaintiff and constituted libel, defamation, misappropriation, and unfair competition;

- plaintiff lost time and money making trips to Louisiana after Hurricane Katrina because of the articles;

- his reputation has been tarnished in the multi-million dollar grant-giving organizations such as the Humane Society, ASPCA, and Maddie's Fund;

- because the articles were published on the internet, his reputation was called into question by not only Louisiana residents, but people outside of Louisiana as well, which exposed "plaintiff to hatred, contempt, ridicule, being shunned and avoided, and thus injuring plaintiff in his occupation, profession, trade and business."[4]

---

[4] Rec. Doc. 35 at p.5.

3

- plaintiff "suffered enormous emotional trauma as well, having to defend himself" and he was unable to sleep, eat and became ill with constant fear that his life-long accomplishments had been "wiped out" with the articles.[5]

- because of the articles, he lost in excess of $40,000 in grant money that he was to receive.

Defendants assert that plaintiff has not established that the jurisdictional amount exists.

Defendants contest plaintiff's version of events and contend that plaintiff was already having

problems with others in his field of interest before the articles were published.  Defendants also

maintain that plaintiff had only an expectation of receiving grant money, and therefore, plaintiff's

argument that he lost grant money should not be considered.  Likewise, defendants argue that

plaintiff cannot prove the damages alleged, nor can he show liability.

The undersigned concludes that plaintiff has met his burden of showing that the amount

in controversy exceeds $75,000.  In the Rule 26 Report, plaintiff quantifies the damages as being

in excess of $1 million per defendant.  Although defendants dispute plaintiff's allegations and his

chances of being able to prove damages, it is not necessary at this juncture for plaintiff to prove

his case.  The undersigned concludes that the amount in controversy exceeds $75,000, and an

order of dismissal would not be appropriate.

Signed at Lafayette, Louisiana, on January 18, 2008.

Mildred E. Methvin
United States Magistrate Judge

---

[5] Id.