**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

**GARO ALEXANIAN,** *Individually and in his*        **CIVIL ACTION NO. 07-00806**
*capacity as executive director of the Companion*
*Animal Network, an unincorporated association*

**VS.**                                                          **JUDGE DOHERTY**

**JASON BROWN,** *Individually and in his*           **MAGISTRATE JUDGE HANNA**
*official capacity as a reporter of the Daily Advertiser,*
**EDWARD "TED"POWER,** *individually and in his*
*capacity as publisher of the daily advertiser,*
**THE DAILY ADVERTISER**
**GANNETT CO., INC.**

*MEMORANDUM RULING*
(Rec. Doc. 89)

Before the court is plaintiff's Motion to Reduce Attorneys Fees and for Leave to

Extend Time to File Notice of Appeal (rec. doc. 89).[1]  The motion is unopposed.

*Background and Argument*

Plaintiff sued defendants for defamation and libel in conjunction with newspaper

articles defendants published about plaintiff and his allegations regarding, *inter alia*,

euthanasia practices at the Roicy Duhon Animal Shelter in Lafayette, Louisiana.

Defendants filed a motion to strike pursuant to La. C.C.P. art. 971, which was

granted.[2]  Pursuant to La. C.C.P. art. 971, defendants were awarded reasonable attorney

fees and costs, and ordered to submit an affidavit of same into the record.  Plaintiff was

---

[1]The district judge ruled on the portion of the motion asking for an extension of time to file notice of appeal, granting plaintiff 10 days after this ruling to file a notice of appeal.  See Rec. Doc. 92.

[2]See Rec. Docs. 46, 85, and 87.

given an opportunity to oppose the affidavit.  Defendants submitted an affidavit and

detailed invoices into the record claiming attorney fees in the amount of $96,391.50, and

expenses of $3,969.56.  Plaintiff opposed the affidavit by filing the present motion.

In his motion, plaintiff argues relevant jurisprudence limits the award of attorney

fees and costs to those incurred in filing the actual motion to strike, and not the entire

litigation.  Plaintiff further asserts every award of attorney fees and costs under La. C.C.P.

art. 971 has been in the range of $1,500 to $5,000.  Moreover, plaintiff argues, there is

jurisprudential support for the court's awarding no fees or expenses, given his financial

status.  Plaintiff cites Stern v. Doe, 806 So.2d 98 (La. App. 4 Cir. 2001), where a pro se

pauper plaintiff who lost a motion to strike was not assessed with fees and costs:

> Regardless of the language of the statutory authorization for an award of
> attorney fees or the method employed by a  trial court in making an award
> of attorney fees, courts may inquire as to the reasonableness of attorney fees
> as part of their prevailing, inherent authority to regulate the practice of
> law." State, DOTD v. Williamson, 597 So.2d 439, 441-42 (La.1992). In the
> instant case the plaintiff is in forma pauperis, thus it is likely that he is not
> capable of paying any attorney fees to the defendant. Although we agree
> with the trial judge's decision to grant the motion to strike there is not
> sufficient evidence to indicate that the action was an abuse of the judicial
> process. Therefore, the trial court's judgment will not be amended to allow
> the defendant to recover attorney fees and costs.
> Stern v. Doe, 806 So.2d 98, 102 (La. App.4 Cir. 2001).

Plaintiff argues he did not have pauper status in this litigation only because he did

not know that filing status was available in federal court.  Plaintiff states he qualified for

pauper status in Lafayette Parish District Court, in a case for public records.

Furthermore, plaintiff argues the lawsuit was not an abuse of judicial process,  as his suit

2

for defamation and libel would have survived the motion to strike if he would not have been required to show actual malice to prevail as a result of his being found a limited public figure.  Thus, plaintiff asks for "the reduction of the attorney's fees and costs sought by defendants consistent with all precedent cases."[3]

### *Discussion*

Defendants have submitted no authority for an award of attorney's fees for the total amount of work performed in the case, and the jurisprudence reflects awards given only for those fees and costs incurred in preparation of the motion to strike.  Therefore, only the attorneys' fees and costs incurred in filing the motion to strike will be considered.

In their affidavit and invoices, defendants made no separate analysis of the attorneys' fees and costs incurred in filing the motion to strike.  However, the court reviewed the invoices and found well over 60 hours spent preparing to file the motion, and billing at a rate from $200 to $300 per hour, depending on the attorney performing the work.  Thus, at a bare minimum, the attorneys' fees alone incurred in preparing the motion to strike well exceed $10,000.

Plaintiff has cited several cases awarding attorneys' fees and costs under La. C.C.P. art. 971, which the court has reviewed.

In Hebert v. Louisiana Licensed Professional Vocational Rehabilitation

---

[3]*Memorandum of Support of Plaintiff's Motion to Reduce Attorneys Fees and for Leave to Extend Time to File Notice of Appeal* (rec. doc. 89-1), p. 7.

Counselors, 4 So.3d 1002 (La. App. 3 Cir. 2009), the trial court awarded $5,000 in attorney's fees in conjunction with the striking of two claims pursuant to La. C.C.P. art. 971.  On appeal, the court reinstated one of the claims, and reduced the fee to $2,500.  In Gwandiku v. State Farm Mut. Auto Ins. Co., 972 So.2d 334 (La. App.3 Cir. 2007), the prevailing party submitted an affidavit for attorney's fees in the amount of $4,001.00, and $739.16 in costs.  The trial court awarded $3,000.00 in attorney's fees and $434.95 in costs.  The court of appeal reversed and awarded the actual amounts submitted, $4,001.00 and $739.16.  In Estiverne v. Times-Picayune, L.L.C., 950 So.2d 858 (La. App. 4 Cir. 2006), attorney's fees in the amount of $4,000 were awarded by the district court.  On appeal, plaintiff, an attorney who was proceeding in forma pauperis, argued that he should not be assessed attorney's fees due to his pauper status, citing Stern v. Doe, 806 So.2d 98 (La. App.4 Cir. 2001).  The appellate court found "there was no jurisprudence to suggest that the awarding of attorney's fees against a plaintiff proceeding in forma pauperis, when warranted by statute, is contrary to law."  Estiverne, 950 So.2d at 860.  In Darden v. Smith, 879 So.2d 390 (La. App.3 Cir. 2004), the court awarded $5,000 in attorney's fees, and all costs.  In Davis v. Benton, 874 So.2d 185 (La. App.1Cir. 2004), the court affirmed a trial court award of $5,000 in attorney's fees, where the submitted affidavit was for $6,833.

While the court in Stern v. Doe, 806 So.2d 98 (La. App. 4 Cir. 2001), found an award of fees and costs discretionary, most courts have found La.C.C.P. art 971 mandates

same.  In <u>Darden v. Smith</u>, 879 So.2d 390 (La. App. 3 Cir. 2004), the majority of the

court found an award mandatory.  In dissent, Judge Cooks stated as follows:

> By mandating the award of attorney's fees to a prevailing defendant, in
> every case, as the majority has done, we risk penalizing individuals for
> asserting their constitutional right to petition the court for redress of an
> alleged grievance. . . .Although Ms. Darden did not present enough
> evidence to sustain her cause of action, she had every right to defend her
> character and reputation against a perceived attack. She had a reasonable
> belief in the rightness of her cause evidenced by the fact that both the
> federal petition and the ethics complaint were resolved in her favor.  I
> would find the award of attorney's fees a discretionary matter based on the
> individual facts of the case and, in this case, I would have declined an
> award. This is the view of the Fourth Circuit in <u>Stern v. Doe</u>, 2001-0914
> (La. App. 4 Cir. 12/27/01), 806 So.2d 98.In Stern, a high school student was
> mistakenly featured on a television program as a truant. He sued the station
> on a claim of false light, invasion of privacy. The television station filed a
> motion to strike and asked for attorney's fees. The court found the
> legislative "intent of this statute is to encourage continued participation in
> matters of public significance and to prevent this participation from being
> chilled through an abuse of judicial process." <u>Id</u>. at 101. The court used this
> standard in affirming the trial court's denial of attorney's fees, finding "there
> is insufficient evidence that plaintiff's claim was attempting to abuse the
> judicial system." <u>Id.</u> at 103. To mandate attorney's fees as a penalty in every
> case would chill a plaintiff's right to petition the court.

The undersigned reads La. C.C.P. art. 971's provision for an award of attorney fees

and costs as mandatory – "a prevailing party in a special motion to strike *shall* be awarded

attorney fees and costs."  La. C.C.P. art. 971(B)(Emphasis added).  However, the statute

does not mandate any particular amount of fees and costs, and does not prohibit

determination and assessment of a reasonable fee.

Plaintiff's undisputed assertion is that he qualifies for pauper status.  Plaintiff filed

suit pro se, and his primary motivation, however misguided, appears to have been to

defend his character and reputation, and not to chill participation in public matters or to abuse the judicial system.

As noted above, defendants have filed no opposition to plaintiff's motion to reduce the attorney fees and costs submitted. For all the reasons above, the court finds an award of $2,500.00 for attorney fees and costs to be reasonable in this matter.

### Conclusion

**IT IS ORDERED** that plaintiff's Motion to Reduce Attorneys Fees and for Leave to Extend Time to File Notice of Appeal (rec. doc. 89) is **GRANTED IN PART** and **DENIED AS MOOT** in part as follows:

1)      Defendants are awarded $2,500.00 in attorney fees and costs;

2)      All other requested relief is denied as moot, given the prior order issued granting an extension of time to file the notice of appeal.

Signed in Lafayette, Louisiana, this 6th day of January, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)